IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ADDICTING GAMES, INC.
15332 Antioch Street
Los Angeles, California 90272,

    Plaintiff,

v.

ADDICTING.COM, an Internet domain name,

    Defendant.

Civil Action No. _____

## VERIFIED COMPLAINT

Plaintiff Addicting Games, Inc., by counsel, alleges as follows for its *in rem* Complaint against Defendant Addicting.com (hereinafter the "Defendant Domain Name").

## NATURE OF THE SUIT

1.    This is an *in rem* action for cybersquatting and trademark infringement under the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

## PARTIES

2.    Addicting Games is a corporation organized and existing under the laws of the State of Delaware, with a principal business address of 15332 Antioch Street, Suite 200, Los Angeles, California 90272 (hereinafter collectively with its successors in interest "Plaintiff" or "Addicting Games").

3.    Addicting Games develops and provides engaging content to consumers on some of the most highly trafficked websites ever made.

4.    Addicting.com is an internet domain name which, according to records in the WHOIS database of domain name registrations, is registered by the registrar Sea Wasp, LLC to an

unknown registrant identified as "Privacy ID # 735277" at Savvy Investments, LLC. A copy of the domain name registration record for Addicting.com is attached as Exhibit A, showing that Sea Wasp, LLC and/or Savvy Investments, LLC is concealing the registrant of the Domain Name.

## JURISDICTION AND VENUE

5. This is a civil action for federal cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a).

6. This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A). *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A)(ii) because the listed registrant of the Defendant Domain Name is being concealed by the registrar and/or a privacy service and therefore Addicting Games cannot obtain *in personam* jurisdiction over a person or persons who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A), and/or Addicting Games, despite its due diligence, has been unable to find a person or persons who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

8. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), Addicting Games will give notice of the violations of Addicting Games' rights and Addicting Games' intent to proceed *in rem* to the postal and e-mail address set forth in the registration record for the Defendant Domain Name.

9. Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) in that the .COM domain name registry operator, VeriSign, Inc., is situated in this judicial District, and the Defendant Domain Name is a .COM domain name.

**ADDICTING GAMES' RIGHTS**

10.     The ADDICTING GAMES site and service is a multiplayer online browser-based platform in which players can play a variety of on-line computer and video games:



11.     Addicting Games' predecessor in interest first began using and promoting the ADDICTING and ADDICTING GAMES marks at least as early as May 2007. These marks are referred to hereinafter collectively as the "ADDICTING Marks."

12.     Since launching, the ADDICTING Marks have been used at, and to promote, the site and service at AddictingGames.com that has received over 1 billion visits from 500 million unique users.

13.     In addition to maintaining its AddictingGames.com site and service, Addicting Games uses the ADDICTING Marks to interact with over 1,100,000 followers on Facebook:



and over 15,000 followers on Twitter:



14.     Addicting Games and its predecessors in interest have continuously used the ADDICTING Marks through the AddictingGames.com site, as well as its social media accounts, since at least as early as 2008.

15.     Addicting Games and its predecessors have also consistently and extensively promoted the ADDICTING Marks, and Addicting Games and the ADDICTING Marks have been featured in publications from around the world including, for example, The Spectrum, TechSpot,

Dayton Daily News, China Daily, NewsDay, Calgary Herald, TheFlyOnTheWall.com, the Hollywood Reporter, VentureBeat, MarketWire, and more.

16. Addicting Games' ADDICTING Marks are so well known that searches on Google and Bing for the term "addicting" return Addicting Games' AddictingGames.com site and service as the first search hit:





17. Based on its use of the ADDICTING Marks in U.S. commerce in association with the advertisement, provision, distribution, and promotion of on-line computer and video games, Addicting Games is entitled to common law trademark protection of the ADDICTING Marks.

18. In addition to its common law rights to the ADDICTING Marks based on the significant uses outlined above, Addicting Games is the owner of *incontestable* U.S. Registration No. 3,326,790, and registrations in Australia, Canada, the EU, and India for the ADDICTING GAMES mark.

19. The application for U.S. federal registration of the ADDICTING GAMES mark was filed on November 1, 2005 and registered on October 30, 2007.

20. A copy of U.S. Registration No. 3,326,790 is attached here as Exhibit B and is *conclusive* evidence of the validity of the mark, of Addicting Games' ownership of the mark, and of Addicting Games' exclusive nationwide right to use the mark in U.S. commerce as of November 1, 2005.

**UNLAWFUL REGISTRATION AND USE OF THE DOMAIN NAME**

21.  On February 21, 2018, the registrant of the domain Addicting.com was changed from Domain Hostmaster, Customer ID : 85528474484681 to Savvy Investments, LLC Privacy ID# 735277, and the registrar was changed from Fabulous.com Pty Ltd. to Sea Wasp, LLC.

22.  The Defendant Domain Name is Addicting.com, which is identical and/or confusingly similar to Addicting Games' ADDICTING Marks with .COM appended to the end.

23.  The use of the ADDICTING Marks within the Defendant Domain Name and/or associated website is without authorization from Addicting Games.

24.  Upon information and belief, the Defendant Domain Name was registered for the purpose of obtaining Internet visitors when such visitors, intending to visit the AddictingGames.com site, accidentally visit Addicting.com.

25.  When one attempts to access the Addicting.com domain, the following content is displayed:



26. The first "Related Link[]" displayed on the Defendant Domain Name is Addicting Games' federally registered ADDICTING GAMES mark.

27. Eight out of ten of the "Related Links" relate to games or playing, which are the products and services provided by Addicting Games in relation to the ADDICTING Marks.

28. The Defendant Domain Name is configured to display pay-per-click advertisements to visitors when those visitors were actually seeking the AddictingGames.com site.

29. Upon information and belief, the registrant of the Defendant Domain Name receives compensation when Internet visitors, who were attempting to reach AddictingGames.com, click on a link provided by the Defendant Domain Name to a third-party website.

30. Upon information and belief, the Defendant Domain Name is not being used in relation to any fair use of the word "addicting." Rather, the site content demonstrates that the owner is receiving compensation based on content that is designed to be confused with Addicting Games' ADDICTING Marks and the legitimate content at AddictingGames.com.

31. Upon information and belief, the registrant of the Defendant Domain Name does not have any trademark or other intellectual property rights in the Defendant Domain Name.

32. Upon information and belief, the Defendant Domain Name does not consist of the legal name of the registrant or a name that is otherwise commonly used to identify the registrant.

33. Upon information and belief, the registrant never made bona fide noncommercial or fair use of the ADDICTING Marks in a site accessible under Defendant Domain Name.

34. Upon information and belief, the registrant of the Defendant Domain Name intends to divert consumers from Addicting Games' online location to a site accessible under the Defendant Domain Name that could harm the goodwill represented by the ADDICTING Marks,

either for commercial gain or with the intent to tarnish or disparage the ADDICTING Marks, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site accessible under the Defendant Domain Name.

35. Upon information and belief, the registrant of the Defendant Domain Name has not engaged in a bona fide offering of any good or services in connection with the ADDICTING Marks in the website accessible under the Domain Name.

36. Upon information and belief, the registrant of the Defendant Domain Name has not engaged in bona fide noncommercial or fair use of the ADDICTING Marks in a website accessible under the Domain Name.

37. The website displayed by the registrant of the Defendant Domain Name is likely to be confused with Addicting Games' legitimate online location at AddictingGames.com.

38. The website displayed by the registrant of the Defendant Domain Name is likely to cause confusion, or to cause mistake, or to deceive the relevant public as to the source or sponsorship of that website, and to mislead the public into believing that such website emanates from, is approved or sponsored by, or is in some way associated or connected with, Addicting Games.

39. Upon information and belief, the registrant of the Defendant Domain Name registered and/or re-registered the Domain Name with intent to divert consumers away from Addicting Games' legitimate online location, for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Defendant Domain Name and the sites displayed through use of the Defendant Domain Name.

40. Upon information and belief, the registrant of the Defendant Domain Name provided material and misleading false contact information when applying for and maintaining the

registration of the Defendant Domain Name in that the person or entity identified as the registrant of the Defendant Domain Name is not the true owner of the Domain Name.

41. The registrant of Addicting.com is unknown because the registrar and/or a privacy service is concealing all identifying information.

42. Upon information and belief, the use of the ADDICTING Marks in the Defendant Domain Name does not constitute the registrant's individual name, or the individual name of anyone in privity with registrant, or of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of registrant, or their geographic origin.

## COUNT ONE:
### (Violation of the Federal Anti-Cybersquatting Consumer Protection Act)

43. Addicting Games repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

44. Addicting Games' ADDICTING Marks are famous and/or distinctive and were famous and/or distinctive prior to the time of registration and/or re-registration of the Defendant Domain Name.

45. The aforesaid acts by the registrant of the Defendant Domain Name constitute registration, re-registration, maintenance, trafficking in, and/or use of a domain name that is confusingly similar to Addicting Games' ADDICTING Marks, with bad faith intent to profit therefrom.

46. In light of the concealment of the identity of the owner of the Defendant Domain Name, Addicting Games is not able to obtain *in personam* jurisdiction over the registrant of the Defendant Domain Name or any other person(s) who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

47. Addicting Games, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

48. The aforesaid acts by the registrant of the Defendant Domain Name constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

49. The aforesaid acts have caused, and are causing, great and irreparable harm to Addicting Games and the public. The harm to Addicting Games includes harm to the value and goodwill associated with the ADDICTING Marks that money cannot compensate. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue. Thus, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Addicting Games is entitled to an order transferring the Defendant Domain Name registration to Addicting Games.

## COUNT TWO:
### (*In-Rem* Trademark Infringement)

50. Addicting Games repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

51. At the time the Defendant Domain Name was registered and/or used, Addicting Games and its predecessors in interest possessed valid common law and statutory trademark rights in the ADDICTING Marks.

52. In light of the registrar and/or privacy service's concealment of the identity of the owner of the Defendant Domain Name, Addicting Games is not able to obtain *in personam* jurisdiction over the registrant of the Defendant Domain Name or any other person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

53. Addicting Games, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

54. The registration and use of the Defendant Domain Name is a use in commerce.

55. The registration and use of the Defendant Domain Name affects Addicting Games' ability to use its ADDICTING Marks in commerce.

56. The Defendant Domain Name and its registrant have no valid rights in the ADDICTING Marks.

57. Use by the Defendant Domain Name and its registrant of the ADDICTING Marks is without the permission or authorization of Addicting Games.

58. The aforesaid registration and/or use of the Defendant Domain Name has caused and is likely to continue to cause confusion, mistake and/or deception among consumers and the public, leading the public falsely to believe that the Defendant Domain Name and/or the websites provided thereunder are those of, are sponsored or approved by, or are in some way connected with Addicting Games.

59. The aforesaid registration and use of the Defendant Domain Name constitutes direct infringement of Addicting Games' trademark rights in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

60. The aforesaid acts have caused, and are causing, great and irreparable harm to Addicting Games and the public. The harm to Addicting Games includes harm to the value and goodwill associated with the ADDICTING Marks that money cannot compensate. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.

**PRAYER FOR RELIEF**

WHEREFORE, Addicting Games respectfully requests of this Court:

1. That judgment be entered in favor of Addicting Games on its claims of cybersquatting and trademark infringement;

2. That the Court order the Defendant Domain Name be transferred to Addicting Games through transfer by VeriSign, Inc. of the Defendant Domain Name from the current domain name registrar to Addicting Games' domain name registrar of choice and by such registrar's change of the registrant to Addicting Games;

3. That any other domain names registered by the registrant of the Defendant Domain Name that resemble or include the ADDICTING Marks be transferred to Addicting Games;

4. That the Court order an award of costs and reasonable attorney's fees incurred by Addicting Games in connection with this action pursuant to 15 U.S.C. § 1117(a); and

5. That the Court order an award to Addicting Games of such other and further relief as the Court may deem just and proper.

Dated: January 14, 2019         By:     /s/ Attison L. Barnes, III /s/
                                        Attison L. Barnes, III (VA Bar No. 30458)
                                        David E. Weslow (*for pro hac admission*)
                                        Adrienne J. Kosak (VA Bar No. 78631)
                                        WILEY REIN LLP
                                        1776 K St. NW
                                        Washington, DC 20006
                                        (202) 719-7000 (phone)
                                        (202) 719-7049 (fax)
                                        abarnes@wileyrein.com
                                        dweslow@wileyrein.com
                                        akosak@wileyrein.com

                                        *Counsel for Plaintiff*
                                        *Addicting Games, Inc.*

## VERIFICATION

I, Bill Karamouzis, CEO of Addicting Games, Inc., declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the facts contained in the foregoing Verified Complaint are true and correct.

_____
Bill Karamouzis

JAN 12 2019
Date