IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Addicting Games, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Addicting.com et al., <br><br> Defendants. | Case No. 1:19-cv-56-CMH-IDD |

**PLAINTIFF'S OPPOSITION TO "INTERVENOR'S" MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) OR, IN THE ALTERNATIVE, FOR CHANGE OF VENUE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3) IN ACCORDANCE WITH EITHER 1404(a) OR 1406(a)**

Plaintiff Addicting Games, Inc. ("Plaintiff"), by counsel, hereby responds to Federal Investment Group, LLC ("Federal IG")'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) or, in the alternative, for Change of Venue Pursuant to Fed. R. Civ. P. 12(b)(3) in accordance with either 1404(a) or 1406(a) (the "Motion").[1]

**I.   INTRODUCTION**

Federal IG's Motion attempts to use smoke-and-mirrors to convince the Court that it either lacks *in rem* jurisdiction or that transfer is appropriate based on a series of half-truths, carefully worded statements, and allegations that are irrelevant to the issue of *in rem* jurisdiction under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(d)(2)(A)(i)(II) ("ACPA"). When addressing the substantive allegations of the Complaint, the Motion confirms

---

[1] While the Memorandum describes Federal IG as an "Intervenor," Federal IG has not sought permission to intervene or made any effort to justify why it is entitled to intervene pursuant to Fed. R. Civ. P. 24. As set forth in more detail below, Federal IG appears to obscure whether it has a valid "interest relating to the property" or any other interest that would justify its formal intervention.

that ownership of addicting.com (the "Disputed Domain Name") has changed repeatedly over the years and that Plaintiff's trademark infringement and cybersquatting claims are based on the current owner's use of the Disputed Domain Name to display Plaintiff's ADDICTING GAMES mark and advertisements for services that are confusingly similar to Plaintiff's services.

With respect to Federal IG's arguments based on whether Plaintiff was purportedly aware of the identity of the principal of Federal IG and the implications of settlement communications between counsel, Federal IG cannot hide that: (1) the Disputed Domain Name is registered by FIG Vietnam of Ho Chi Minh City, Vietnam, (2) FIG Vietnam used a privacy registration service to conceal its ownership of the Disputed Domain Name (presumably because it is an adjudicated serial cybersquatter); (3) neither Federal IG nor its prior counsel have ever asserted a claim to the Disputed Domain Name prior to the filing of the Motion; and (4) Federal IG has provided no evidence that FIG Vietnam is subject to personal jurisdiction in the United States. For each of these reasons, Federal IG's Motion must fail, and the Court should allow Plaintiff to proceed *in rem*.

Federal IG's request to transfer the case to a different venue must fail for the same reasons. Under 28 U.S.C. §§ 1404(a) & 1406(a), the moving party must show that the action could have been brought in the transferee forum. While the declaration of Krikor Bedrossian indicates that Federal IG has ties to the District of Nevada and the Central District of California: (1) it says nothing relevant regarding the actual registrant of the Disputed Domain Name, FIG Vietnam; and (2) it says nothing relevant regarding the ties of the actual Defendant in this *in rem* action—the Disputed Domain Name. Indeed, by statute, the *in rem* claim could only be brought in the judicial district in which the domain name registrar, domain registry, or other domain name authority that registered or assigned the domain name is located, none of which is the

Central District of California. Without making the threshold showing that this *in rem* action against the Defendant Domain Name could have been brought in the Central District of California, Federal IG's motion must fail.

## II. BACKGROUND

Plaintiff brought suit against the Disputed Domain Name on January 14, 2019, because addicting.com is being used to infringe and profit from Plaintiff's registered ADDICTING GAMES trademark. (Dkt. No. 1, "Compl."). Plaintiff amended its complaint on April 11, 2019 to add the domain names addictingames.com, wwwaddictinggames.com, and additctinggame.com as defendants. (Dkt. No. 4, "FAC"). Despite efforts to identify an individual who would be a defendant in the present action, Plaintiff was unable to find such an individual due to the use of privacy services to conceal the identity of the owner(s) of these domain names. FAC ¶¶ 4, 11 & Ex. A. Therefore, Plaintiff proceeded with this action *in rem*, as authorized by the ACPA where the owner of the domain name cannot be identified and/or is not subject to personal jurisdiction. *Id.* ¶ 11.

After commencing this action, Plaintiff continued its efforts to contact the owner of the Disputed Domain Name. Plaintiff sent a letter to the registrant via all means known to Plaintiff, informing the registrant of Plaintiff's intention to proceed with this *in rem* action. Dkt. No. 7-1 (Kosak Decl. in Support of Motion for Order to Publish Notice of Action) ¶ 10 & Attach. 1. Plaintiff moved forward with a motion to publish notice of the present action, and upon the Court's order granting that motion, both emailed a copy of the Order to the email address addicting.com@privacy.co.com and published notice of action which required a response by May 15, 2019. Dkt. No. 10.

On February 2, 2019, Plaintiff's counsel received a voicemail and email from an attorney

from Barcelona, Spain who identified himself as Paul Keating (paul@law.es). Dkt. No. 13-4.[2] Mr. Keating indicated that he was "in the process of being engaged to assist in this matter" and requested an extension of time to respond to the complaint. *Id.* On February 26, 2019, Mr. Keating provided a detailed email identifying the current registrant of the Disputed Domain Name as FIG Vietnam and the previous registrant as CosNet (aka CostNet), and attaching business records from FIG Vietnam identifying FIG Vietnam's address as "Thuan Kieu Plaza Unit #1606, 190 Hong Bang Str, District 5, TH 70999." *Id.* Notably, although Mr. Keating apparently had a copy of the complaint, he made no mention of Federal IG or any other U.S.-based entity with an alleged ownership interest in the Disputed Domain Name and at no time suggested that proceeding *in rem* was improper. *See id.*

By Federal IG's own admission, the Disputed Domain Name remains registered to "FIG, Vietnam." Dkt. No. 13 at 3 (explaining that the Disputed Domain Name was "retitled . . . under FIG, Vietnam"); Dkt. No. 13-3 ¶ 5.

The actual registrants of the Disputed Domain Name, CostNet and FIG Vietnam, are notorious cybersquatters that have lost numerous disputes regarding domain names that they registered in bad faith and in violation of the rights of legitimate trademark owners:

- *Morningstar, Inc. v FIG Vietnam c/o Domain Admin*, Case No. 1290566 (NAF Oct. 23, 2009) (awarding transfer of mornigstar.com);

- *The Press Association Limited v. FIG Vietnam*, D2008-1269 (WIPO Oct. 3, 2008)

---

[2] While Mr. Keating's declaration indicates that he attached "a true, correct and complete copy of the email exchange," Dkt. No. 13-4 ¶ 4, there were a number of additional communications between counsel that were not included with Mr. Keating's declaration. Because those communications occurred in the context of settlement discussions and do not include any additional information of relevance to the instant Motion, Plaintiff will not disclose those communications at this time, but will refer to the settlement communications that have already been disclosed by Mr. Keating.

(awarding transfer of pressassociation.com);

- *Anheuser-Busch, Incorporated v. FIG Vietnam c/o Domain Admin*, Case No. 1190330 (NAF May 16, 2008) (awarding transfer of budwieser.com);

- *Centerbrook Sales, Inc. v. FIG Vietnam*, D2007-0627 (WIPO June 15, 2007) (awarding transfer of eveaddiction.com, evesaddictions.com, and evesadiction.com);

- *Central Purchasing, LLC v. FIG Vietnam*, D2007-0124 (WIPO April 4, 2007) (awarding transfer of harborfreight.com);

- *Quartz Castle Inc. dba GeneratorJoe v FIG Vietnam*, Case No. 863294 (NAF Dec. 13, 2006) (awarding transfer of generatorjoe.com);

- *American University v FIG Vietnam*, Case No. 323760 (NAF Sept. 13, 2004) (awarding transfer of americanuniversity.com);

- *Autosales Incorporated, dba Summit Racing Equipment v. Costnet*, D2004-0036 (WIPO Mar. 17, 2004) (awarding transfer of sumitracing.com);

- *Deloitte Touche Tohmatsu v. CostNet aka Domain Manager*, D2003-0619 (WIPO Sept. 26, 2003) (awarding transfer of deloite.com);

- *Television Food Network, G.P. v CostNet aka Domain Manager*, Case No. 190611 (NAF Sept. 3, 2003) (awarding transfer of foodtelevision.com);

- *The Sportsman's Guide, Inc. v. CostNet Domain Manager*, D2002-1126 (WIPO Jan. 23, 2003) (awarding transfer of sportmanguide.com);

- *MRA Holding, LLC v Costnet*, Case No. 140454 (NAF Jan. 17, 2003) (awarding transfer of girlsgonwild.com);

- *The Cartoon Network LP, LLLP v CostNet aka Domain Manager*, Case No. 141820 (NAF Jan. 15, 2003) (awarding transfer of cartonnetwork.com);

5

- *H-D Michigan, Inc. v CostNet aka Domain Manager*, Case No. 128681 (NAF Oct. 24, 2002) (awarding transfer of 4-harley-babes.com);

- *ABC Distributing, Inc. v. CostNet*, Case No. 101826 (NAF Nov. 15, 2001) (awarding transfer of abcdistributors.com and abcdistributing.com);

- *Briefing.com, Inc. v. Costnet, Domain Manager*, D2001-0970 (WIPO Sept. 12, 2001) (awarding transfer of breifing.com).

The above-referenced decisions under the Uniform Domain-Name Dispute-Resolution Policy are attached hereto as Attachment 1.

It does not appear that Federal IG has ever previously participated in an action relating to a domain name registered to CostNet or FIG Vietnam or otherwise asserted ownership rights in CostNet, FIG Vietnam, or any domain name registered to one of those entities. Notably, "FIG Vietnam, of Viet Nam" entered an appearance in *The Press Association Limited* case, which made no reference to Federal IG or any other U.S.-based entity with an alleged interest in the domain name. *See* D2008-1269. Federal IG's sleight-of-hand concerning ownership of the Defendant Domain Name appears to be an attempt to: (1) avoid the implications of FIG Vietnam's history of cybersquatting, (2) avoid subjecting FIG Vietnam to the ACPA in a situation like this one, which the *in rem* provisions of the statute were designed to address; and (3) to avoid proceeding in this Court given its knowledge and sophistication in domain name cases.

### III. ARGUMENT

The Court should deny Federal IG's Motion and allow this case to proceed *in rem* in this Court. First, Plaintiff has satisfied the statutory criteria for *in rem* jurisdiction, and Federal IG's vague claims regarding its relationship to the two foreign entities that have registered the

6

Disputed Domain Name provide no meaningful basis for a contrary conclusion. Second, a transfer of this matter would not be appropriate, as Federal IG has failed to make a threshold showing that the present action could have been brought in the Central District of California. If the Court does not summarily deny Federal IG's Motion, Plaintiff requests the opportunity to conduct limited venue-related discovery to determine Federal IG's ties to FIG Vietnam, to the Disputed Domain Name, and to this District.

### A. This Court Has *In Rem* Jurisdiction Over the Disputed Domain Name.

The statutory bases for *in rem* jurisdiction are easily satisfied in this case. While the Federal Rules of Civil Procedure do not include a basis for dismissal for lack of *in rem* jurisdiction, the Fourth Circuit has analogized the inquiry into *in rem* jurisdiction to that into personal jurisdiction. *See Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 256 (4th Cir. 2002). To survive a challenge for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing that there is a sufficient jurisdictional basis. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). A court must view all relevant allegations in the light most favorable to the plaintiff and draw all reasonable inferences for the existence of jurisdiction. *See id.* at 676; *see also Mylan Labs. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993).

Under the ACPA, the owner of a mark may file an *in rem* civil action if either of two distinct circumstances are present. First, *in rem* jurisdiction is appropriate where the court finds that a mark owner, "through due diligence was not able to find a person who would have been a defendant . . . by sending notice of the alleged violation and intent to proceed under this paragraph to the registrant . . . and publishing notice of action as the court may direct promptly after filing the action." 15 U.S.C. § 1125(d)(2)(A)(ii)(II). Second, and separately, *in rem* jurisdiction is appropriate where the court finds that the owner of a mark "is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action." 15

7

U.S.C. § 1125(d)(2)(A)(ii)(I).

At the time Plaintiff filed its Complaint, *in rem* jurisdiction was proper under both statutory bases provided under the ACPA. First, the registrant of the Disputed Domain Name intentionally concealed all identifying information about himself/herself/itself, including his/her/its residence. *See* FAC ¶ 4 & Ex. A (showing registrant as "Privacy ID # 735277"); Dkt. No. 13-3 ¶ 9 & Ex. B. As a result, Plaintiff was neither able to find a person who could have been a defendant in this action nor able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action.

Second, even after Barcelona based counsel for the Disputed Domain Name contacted Plaintiff's counsel, he provided documentation claiming that the registrant of the Disputed Domain Name was FIG Vietnam, Thuan Kieu Plaza Unit #1606, 190 Hong Bang Str, District 5, TH 70999. Dkt. No. 13-4. Indeed, Federal IG purports to admit that the Disputed Domain Name remains "titled" to "FIG, Vietnam." Dkt. No. 13 at 3. Accordingly, if Federal IG is telling the truth, the defendant in any *in personam* action would be FIG Vietnam – an entity over which Plaintiff cannot obtain *in personam* jurisdiction, and *in rem* jurisdiction remains proper under 15 U.S.C. § 1125(d)(2)(A)(ii)(I). As the U.S. District Court for the Middle District of Florida has held, "by listing a foreign address as her contact information, the registrant culpably and willfully placed all on notice that *in personam* jurisdiction in the United States could not be had and thereby subjected herself to *in rem* jurisdiction regarding the Defendant Domain Names." *Royal Caribbean Cruises, Ltd. v. royalcaribbean.com,* No. 3:15-CV-381-J-25MCR, 2016 WL 8943172 (M.D. Fla. Mar. 29, 2016), *aff'd*, 680 F. App'x 874 (11th Cir. 2017). Accordingly, under either of the ACPA's alternative bases for *in rem* jurisdiction, Plaintiff has established a *prima facie* case of *in rem* jurisdiction.

Although Federal IG attempts to challenge Plaintiff's showing of *in rem* jurisdiction, none of its arguments are legally or factually sufficient. First, contrary to Federal IG's suggestion, this is not a case where Plaintiff knew or could have known the identity of a person who is a proper defendant in an *in personam* action. While Federal IG suggests that Plaintiff "knew the actual owner of the domain name" from a conversation at a conference almost eight years ago, the attachment to Krikor Bedrossian's declaration demonstrates only that Plaintiff's CEO, Bill Karamouzis, appeared as the keynote speaker at the referenced conference in his role as founder of Hallpass Media, to discuss having sold the company and its assets including the ADDICTING Marks to Viacom. *See* Dkt. No. 13-3. Federal IG's claims regarding Plaintiff's purported knowledge of Mr. Bedrossian and his alleged relationship to the Disputed Domain Name belie belief considering (i) the alleged conversation took place eight years ago (ii) between the keynote speaker at a conference and a conference attendee, (iii) Plaintiff did not own the relevant business at the time of the conference, and, (iv) by Federal IG's own claims, Mr. Bedrossian and Federal IG were not then, and are not now, the owners of the Disputed Domain Name. Moreover, not only would Plaintiff's alleged knowledge of Mr. Bedrossian have no relevance to the present Motion, but the evidence presented by Federal IG and counsel for the Disputed Domain Name further disprove the notion that Plaintiff knew who owned the Disputed Domain Name, given that: (1) the registrant previously concealed its identity; and (2) the actual registrant is FIG Vietnam, not the U.S.-based entity suggested by Federal IG. *See* Dkt. Nos. 13-4 (emails from counsel for Disputed Domain Name demonstrating that registrant was concealed but was actually FIG Vietnam); 13 at 3 & 13-3 ¶ 5 (admission that Disputed Domain Name is "titled" to FIG, Vietnam).

Federal IG's reliance on *Lucent Technologies, Inc. v. Lucentsucks.com*, 95 F.Supp.2d 528

(E.D. Va. 2000), is equally misplaced. There, the Whois record for the domain identified the domain owner, and the plaintiff was well aware of this person's identity and location within the United States, but the plaintiff chose to ignore this information and proceed *in rem*. *Id.* at 530-31. The Court found that "based on the allegations in plaintiff's complaint, Russell Johnson, the listed registrant of defendant lucentsucks.com would be 'a person who would have been a defendant in a civil action under paragraph (1).'" *Id.* at 532. By contrast, here the records maintained by the .com registry and relevant registrar identified the registrant merely as "Privacy ID # 735277." FAC ¶ 4 & Ex. A. Even after Barcelona-based counsel for the Disputed Domain Name identified the actual registrant as FIG Vietnam, this was not a party over which Plaintiff could have obtained personal jurisdiction. Accordingly, *Lucent* is inapposite. For the same reason, Federal IG's own connections to Virginia are irrelevant, given Federal IG's admission that it is not the owner of the Disputed Domain Name.

Finally, Federal IG fails to explain the relevance of its criticism of Plaintiff's trademark rights to the instant Motion. Plaintiff's registration in its ADDICTING Marks are incontestable under U.S. trademark law and must be accepted as valid for the purpose of this Motion. *See* 15 U.S.C. § 1065. Any questions regarding the scope of Plaintiff's rights are not before the Court.[3]

For all of the foregoing reasons, Plaintiff has satisfied the bases for *in rem* jurisdiction, and the Court should allow this matter to proceed *in rem.*

---

[3] Federal IG makes several additional misleading factual allegations and assertions that go to the merits of Plaintiff's claims and that the Court need not consider here, as: (1) Federal IG has not moved for dismissal for failure to state a claim; and (2) they go well outside the pleadings. The evidence will eventually show that the Disputed Domain Name is owned by a serial cybersquatter who has registered and/or used the Disputed Domain Name to target Plaintiff's trademark rights. In the unlikely event that the Court converts the Motion to one for summary judgment, Plaintiff requests the opportunity for limited discovery regarding the ownership history of the Disputed Domain Name, how the registrant has used the Disputed Domain Name, and the registrant's long history of cybersquatting under 15 U.S.C. § 1125(d)(1)(B)(i)(VIII).

> B. **Federal IG Has Not Satisfied Its Burden of Demonstrating that this Action Could Have Been Brought in the Central District of California, as Required by 28 U.S.C. §§ 1404(a) and 1406(a).**

Federal IG's alternative request to transfer this matter to the Central District of California falls woefully short of the criteria for change of venue. "[T]he threshold question when addressing a motion to transfer venue is 'whether the proposed transferee court is one in which the action originally may have been brought.'" *Glob. Touch Sols., LLC v. Toshiba Corp.*, 109 F. Supp. 3d 882, 889 (E.D. Va. 2015) (quoting *BHP Int'l Inv., Inc. v. OnLine Exch., Inc.*, 105 F. Supp. 2d 493, 498 (E.D. Va. 2000)). To meet this threshold requirement, the moving party bears the burden of demonstrating that both jurisdiction and venue lie in the proposed transferee venue. *See id.* at 889-90; *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003).

First, Federal IG's argument is fatally circular. It only would have been even theoretically proper to commence this action in the Central District of California if Plaintiff were proceeding *in personam*. Defendant fails to note, however, that the current posture of the case is **not** an *in personam* action against the registrant/owner, FIG Vietnam, but an *in rem* action against the Disputed Domain Name. The propriety of jurisdiction and venue against Federal IG, currently a non-party, is not relevant to the present motion. *See Koh*, 250 F. Supp. 2d at 631 ("[T]his action, as presently constituted, could not have been brought originally in [the transferee] forum. Consequently, the Movants have not satisfied the first requisite for transfer under § 1404(a)."); *Todero v. LAXCOM, LLC*, No. 4:11CV157, 2013 WL 509104, at *3 (E.D. Va. Feb. 11, 2013) (denying motion to sever one defendant and transfer, because the need to sever a defendant prior to transfer indicates that "the Complaint, as originally filed with the existing Defendants, could not have been brought in the [transferee district]"); *United States v. Douglas*, 626 F. Supp. 621, 625 (E.D. Va. 1985) ("Because § 1404(a) requires that the transferee district be one where the action could have been brought originally, a preliminary issue is

whether this action could have been brought in its current form in the Central District of California.").

As to the Defendant Domain Name, the evidence demonstrates that the cause of action **could not** have been brought in the Central District of California. Under 15 U.S.C. § 1125(d)(2)(A), the owner of a mark may file an *in rem* action against a domain name "in the judicial district in which the domain name registrar, domain registry, or other domain name authority that registered or assigned the domain name is located." The current registrar as of April 10, 2019, Sea Wasp, LLC, is headquartered in Metaire, Louisiana, in the Eastern District of Louisiana. *See* Dkt. No. 13-4 (invoices for FIG Vietnam showing address for Sea Wasp, LLC). The domain registry, Verisign, Inc., is located in Reston, Virginia, which is within the Eastern District of Virginia. Compl ¶ 13; *Verisign, Inc. v. XYZ.com, LLC*, No. 1:14-CV-01749, 2015 WL 7430016, at *1 (E.D. Va. Nov. 20, 2015) ("Plaintiff Verisign, Inc. . . . is a Delaware corporation with its principal place of business in Reston, Virginia"), *aff'd,* 848 F.3d 292 (4th Cir. 2017); *Rosa Mexicano Brands, Inc. v. rosamexicanopuntademita.com*, No. 1:14-CV-00003, 2014 WL 4181068, at *2 (E.D. Va. Aug. 20, 2014) (finding *in rem* jurisdiction appropriate "because the registrar wherein Defendant Domain Names are registered, Verisign, is located within this district in Reston, Virginia"). Thus, Defendant has failed to prove the threshold requirement that this action could have been brought in the Central District of California. *See* 15 U.S.C. § 1125(d)(2)(A). Absent any evidence that the case, in its current posture, could have been brought in the proposed transferee forum, Federal IG's motion to transfer should be denied. *See* 28 U.S.C. § 1404(a).

      C.     <u>**Even If the Court Were to Consider Federal IG's Arguments, Limited Venue-Related Discovery Is Required to Determine if the Balance of Convenience and Interests of Justice Warrant Transfer.**</u>

If the Court does not summarily deny the Motion, Plaintiff requests the opportunity to

conduct limited discovery into Federal IG's relationship to FIG Vietnam, the Disputed Domain Name, and this venue. "[D]istrict courts enjoy broad discretion in determining whether to grant limited discovery to explore jurisdictional facts (including venue)." *Virginia Innovation Scis., Inc. v. Samsung Elecs. Co.*, 928 F. Supp. 2d 863, 874 (E.D. Va. 2013) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir.1993)); *Johnson v. Emerson Elec. Co.*, No. 4:13-CV-1240-JAR, 2013 WL 5442752, at *5 (E.D. Mo. Sept. 30, 2013) (permitting limited venue-related discovery into the defendant's connections to the original forum). Such discovery is warranted here, as there is insufficient evidence of record regarding Federal IG's relationship to FIG Vietnam and the Disputed Domain Name, and Federal IG and FIG Vietnam's contacts with the original and transferee forums.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Addicting Games Inc. respectfully requests that the Court deny Federal IG's Motion or, in the alternative, that Plaintiff be permitted to conduct the limited discovery described above, and to submit a post-discovery brief to the Court on what is revealed in discovery before the Court rules on the present motion.

Dated: May 29, 2019         By:      /s/ Attison L. Barnes, III /s/
                                     Attison L. Barnes, III (VA Bar No. 30458)
                                     David E. Weslow (*for pro hac vice*)
                                     Adrienne J. Kosak (VA Bar No. 78631)
                                     WILEY REIN LLP
                                     1776 K St. NW
                                     Washington, DC 20006
                                     (202) 719-7000 (phone)
                                     (202) 719-7049 (fax)
                                     abarnes@wileyrein.com

                                     *Counsel for Plaintiff*
                                     *Addicting Games Inc.*

## **CERTIFICATE OF SERVICE**

I, Attison L. Barnes, III, hereby certify that on May 29, 2019, I electronically served the foregoing on all counsel of record via the Court's CM/ECF system.

    /s/ Attison L. Barnes, III /s/
Attison L. Barnes, III
WILEY REIN LLP
1776 K Street, NW
Washington, DC  20006
Tel: (202) 719-7000
Fax: (202) 719-7049
abarnes@wileyrein.com

*Counsel for Plaintiff Addicting Games Inc.*