

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ADDICTING GAMES, INC., | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 19-cv-00056 (CMH/IDD)<br>) |
| ADDICTING.COM, *et al.*, | )<br>) |
| Defendants. | )<br>) |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendants AddictinGames.com, wwwAddictingGames.com, and AddictingGame.com ("Defendant Domain Names"), pursuant to Federal Rule of Civil Procedure 55(b)(2). Plf. Mot. for Default J., ECF No. 24 [hereinafter "Default J."]. The undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, and the supporting memorandum, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiff's Motion be **GRANTED**.

### I. INTRODUCTION

Plaintiff filed its Complaint on January 14, 2019, against Addicting.com seeking relief under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1) ("ACPA"), and the Lanham Act, 15 U.S.C. §§ 1114(1). Compl. ¶¶ 1, 5. Plaintiff then filed an Amended Complaint on April 11, 2019, against Addicting.com, AddictingGame.com, wwwAddictingGames.com, and

AddictinGames.com seeking the same relief. Am. Compl. ¶¶ 4, 5, 6, 7, 9.[1] Cybersquatting occurs when a party registers or uses a trademark owner's mark as a domain name with the bad-faith intent to profit from the sale or use of the domain name.[2] Plaintiff requests that the Court order the registry to change the registrars of record of Defendant Domain Names to a registrar of Plaintiff's choosing and require the registrants to register Defendant Domain Names in Plaintiff's name. Mem. in Support of Mot. for Default J, ECF No. 25.[3]

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case involves federal questions arising under the ACPA and the Lanham Act, which are federal laws. Am. Compl. ¶ 10. This Court also has *in rem* jurisdiction over Defendant Domain Names pursuant to 15 U.S.C. § 1125(d)(2)(A) because the identity of the registrants of Defendants AddictinGames.com and wwwAddictingGames.com are not available and the listed registrant of AddictingGame.com is located in Hong Kong, therefore, *in personam* jurisdiction is not obtainable. *Id.* ¶ 11. Also, the registry wherein Defendant Domain Names are registered, VeriSign, Inc., is located within this district, thus venue is proper. *Id.* ¶ 13.

### B. Service of Process

The ACPA provides that service of process in an *in rem* action may be accomplished by sending notice of the alleged violation and intent to proceed under the ACPA to the registrant of the domain name at the postal and email addresses provided by the registrant to the registrar. 15 U.S.C. §§ 1125(d)(2)(A), (B).

---

[1] Defendant Addicting.com was terminated from the case on October 2, 2019. *See* ECF No. 23.
[2] *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 231 (4th Cir. 2002) (noting that the ACPA "prohibit[s] the bad-faith and abusive registration of distinctive marks as Internet domain names with the intent to profit from the goodwill associated with such marks –a practice commonly referred to as 'cybersquatting.'").
[3] In its Complaint, Plaintiff seeks an award of costs and reasonable attorney's fees. *See* Am. Compl. ¶ 4. However, Plaintiff has not requested such an award in their motion for default judgment, thus Plaintiff has waived its request for costs and attorney's fees.

The undersigned finds that Plaintiff has complied with the notice requirements necessary to bring an *in rem* action against Defendant Domain Names under the ACPA. In that regard, on April 11, 2019, Plaintiff sent notice of the alleged violation and intent to proceed under the ACPA to the current registrants of Defendant Domain Names to the email and physical addresses on file with their respective domain registrars in accordance with 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb). *See* Decl. of Adrienne J. Kosak ¶ 11, ECF No. 7-1 at 4, 7, 30, 73, 116. In addition, on April 15, 2019, Plaintiff filed a Motion for Service by Publication. ECF No. 6. On April 22, 2019, the Court granted the Plaintiff's Motion for Service by Publication. ECF No. 9. Pursuant to the Court's April 22, 2019 Order, Plaintiff published the action in The Washington Times on April 24, 2019. Decl. Of Adrienne L. Kosak, ECF No. 10-1. Accordingly, the undersigned finds that service of process has been accomplished in this action as to Defendant Domain Names.

### C. Grounds for Default

Plaintiff filed its Complaint on January 14, 2019, and its First Amended Complaint on April 11, 2019. Compls., ECF Nos. 1, 4. Representatives for Defendant Domain Names failed to appear, answer, or file any responsive pleading in this matter. On July 8, 2019, Plaintiff filed a request for Entry of Default with the Clerk's Office and the Clerk entered default against Defendant Domain Names on July 10, 2019. ECF Nos. 20, 22. On October 9, 2019, Plaintiff filed a Motion for Default Judgment and Memorandum in Support. ECF Nos. 24, 25. The undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

### II. FACTUAL FINDINGS

Plaintiff is a corporation organized and existing under the laws of Delaware with its principal place of business located in Los Angeles, California. Am. Compl. ¶ 2. Defendant Domain Names are internet domain names registered by persons or entities whose names and contact

information has not been provided by WHOIS. *Id.* ¶¶ 5, 6, 7.

Plaintiff is the owner of the trademark "ADDICTING GAMES," (hereinafter "Mark") which was filed in November 2005 and registered on the Principal Trademark Register of the United States Patent and Trademark Office in October 2007 under registration number 3,326,790. *Id.* ¶¶ 25-26. The Mark has been used by Plaintiff in commerce and has become famous and distinctive throughout the United States and other parts of the world. *Id.* ¶¶ 23-24.

Defendant AddictinGames.com is registered through the registrar Sea Wasp, LLC to an unknown registrant identified as "Privacy ID #735278" at Savvy Investments, LLC. *Id.* ¶ 5. Defendant wwwAddictingGames.com is registered through Media Elite Holdings Ltd. to an unknown registrant identified as "Domain Administrator." *Id.* ¶ 6. Lastly, Defendant AddictingGame.com is registered through Sea Wasp, LLC to Peng Goh Service Pro, G.P.O. Box 732, a company in Hong Kong. *Id.* ¶ 7. Defendant Domain Names display identical website content. *Id.* ¶ 15. Defendant Domain Names pose a significant and imminent threat to Plaintiff and the Domain Name System ("DNS") infrastructure because their apparent intended use is to divert consumers away from Plaintiff's online location for commercial gain by creating confusion as to the source, sponsorship, affiliation, or endorsement. *Id.* ¶ 68.

### III. **EVALUATION OF PLAINTIFF'S COMPLAINT**

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A defendant in default concedes the factual allegations of the complaint. *See, e.g., DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however,

constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.* Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### A. Count I – Cybersquatting

To establish an ACPA claim, Plaintiff must demonstrate that (1) Plaintiff owns a protected mark; (2) Defendant Domain Names are identical or confusingly similar to Plaintiff's Mark; and (3) the registrants used Defendant Domain Names with the bad-faith intent to profit from Plaintiff's Mark. *See* 15 U.S.C. § 1125(d)(1)(A); *see also People for the Ethical Treatment of Animals ("PETA") v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001) (citing 15 U.S.C. § 1125(d)(1)(A)). The ACPA provides that a court may order the cancellation of the domain name or its transfer to the owner of the mark as a remedy. 15 U.S.C § 1125(d)(2)(D).

In this case, the Plaintiff sufficiently alleges that it owns a protected right in the mark ADDICTING GAMES. A plaintiff's registration with the United States Patent and Trademark Office is *prima facie* evidence of ownership of the mark and exclusive right to use the registered mark in commerce. *See* 15 U.S.C. § 1057(b). Here, Plaintiff owns the trademark for the Mark and has valid and subsisting U.S. Certificate of Trademark registration numbers. Am. Compl. Ex. E, ECF No. 4-5. Further, Plaintiff uses the domain name "ADDICTING GAMES" in connection with its provision of managed and public DNS services and MDNS services. *Id.* ¶¶ 18-21. Therefore, the undersigned finds that Plaintiff established it possesses a trademark right in the mark ADDICTING GAMES and the domain name "AddictingGames.com."

Defendant Domain Names are confusingly similar to, and dilutive of, Plaintiff's registered Mark because they fully incorporate the ADDICTING GAMES mark. "In assessing whether a mark is confusingly similar, the allegedly infringing domain name does not need to be identical to the registered mark." *Volvo Trademark Holding AB v. Volvospares.com*, 703 F. Supp. 2d 563, 568 (E.D. Va. 2010). Instead, a court may find a domain name confusingly similar if the "dominant or salient portions" of the domain are sufficiently similar to the owner's mark. *Id.*

Here, Defendant Domain Names dominant portions are "AddictingGame[s]" and "AddictinGames," which are similar to Plaintiff's protected trademark. Both Defendant Domain Names' and Plaintiff's Mark share the same letters, in the same order, to form the same word except for removing either a "g" from "addicting" or an "s" at the end of "games." Removing an "s" or "g" does not differentiate Defendant Domain Names from the ADDICTING GAMES mark. *See Investools, Inc. v. Investools.com*, 2006 U.S. Dist. LEXIS 53119, at *9 (E.D. Va. July 17, 2006) ("The addition of a ".com" to [p]laintiff's mark is of minimal importance in distinguishing the mark and diminishing the likelihood of confusion. . . ." (referring to *Brookfield Communs., Inc.*

6

*v. W. Coast Entm't Corp.,* 174 F.3d 1036, 1055 (9th Cir. 1999))). As a result, a reasonable consumer could believe that Plaintiff approved the use of Defendant Domain Names. The unauthorized use of Plaintiff's identical Mark shows intent to confuse and cause irreparable harm to Plaintiff. Therefore, the undersigned finds that Plaintiff has established that Defendant Domain Names are confusingly similar to Plaintiff's Mark.

Lastly, Plaintiff sufficiently alleges that the Defendant Domain Names were registered in bad faith. Under the ACPA, courts may determine bad-faith intent by weighing nine factors. 15 U.S.C. § 1125(d)(1)(B)(i). However, courts are not required to exhaustively consider each factor in every case. *Lamparello v. Falwell*, 420 F.3d 309, 319-20 (4th Cir. 2005). In relevant part, the factors supporting a finding of bad-faith intent include:

> (I) the trademark or other intellectual property rights of the person, if any, in the domain name;
> (II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;...
> (IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;
> (V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;
> (VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct; [and]
> (VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct. . . .

15 U.S.C. § 1125(d)(1)(B)(i)(I)-(II), (IV)–(VII).

In the present case, Plaintiff alleges that Defendant Domain Names were registered in bad faith with intent to profit therefrom by selling counterfeit services. Am. Compl. ¶¶ 70, 75. The

7

unknown registrants of Defendant Domain Names have no intellectual property rights in the Mark. *Id.* ¶ 86. The registrants intended to divert consumers from Plaintiff's website for commercial gain thereby creating the likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendant Domain Names. *Id.* ¶ 68. This diversion creates confusion with Plaintiff's Mark because Defendant Domain Names fully incorporate ADDICTING GAMES. Defendant Domain Names are likely to be confused with Plaintiff's legitimate online location at "AddictingGames.com." *Id.* ¶ 66. For the foregoing reasons, the undersigned finds that Plaintiff established that Defendant Domain Names had the bad-faith intent to divert consumers from their services thereby harming Plaintiff's goodwill.

Plaintiff's Complaint and Memorandum in Support of Plaintiff's Motion for Entry of Default Judgment plead sufficient facts to show that Plaintiff possesses trademark rights in Defendant Domain Names, Defendant Domain Names are confusingly similar to Plaintiff's Mark, and Defendant Domain Names had the bad-faith intent to divert Plaintiff's customers from their services thereby harming its goodwill. Plaintiff sufficiently pleaded the ACPA claim.

### B. Count II –Trademark Infringement

Plaintiff alleges a claim of trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1). *Id.* ¶ 67. The Lanham Act prohibits the use of a colorable imitation of a registered mark in connection with the distribution or advertisement of goods and services where such use is likely to cause confusion or deceit. 15 U.S.C. § 1114(1). To establish a trademark infringement claim, a plaintiff must demonstrate that (1) it owns a valid trademark; (2) the trademark is protectable; and (3) the defendant's use of a colorable imitation of the trademark is likely to cause confusion among consumers. *See Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 170 (4th Cir. 2006). The Fourth Circuit has posited nine non-exhaustive factors to determine the likelihood of

confusion. *See generally George & Co., LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 393 (4th Cir. 2009). Notably, the plaintiff enjoys a presumption of a likelihood of confusion when the infringing mark is nearly an exact imitation in an attempt to capitalize on the popularity of plaintiff's trademark. *Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 148 (4th Cir. 1987).

Here, Plaintiff sufficiently pleaded a trademark infringement claim. The first and second elements of the trademark infringement claim are satisfied because Plaintiff owns a valid, subsiding, and protected trademark as the Mark was registered with the United States Patent and Trademark Office. The third element is satisfied because Defendant Domain Names contain Plaintiff's dominant name ADDICTING GAMES, which is likely to cause customers confusion by misdirecting internet users away from Plaintiff's websites and other services and infrastructure at "AddictingGames.com." Therefore, the Court finds that Plaintiff has sufficiently pleaded trademark infringement.

## IV. RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends entry of default judgment in favor of Plaintiff against Defendant Domain Names for violation of 15 U.S.C. §§ 1125(d)(2), 1114(1). The undersigned further recommends that an Order be entered directing Defendant Domain Names be transferred by the applicable registrars or registries to Plaintiff's control and that any other domain names registered by the registrants of Defendant Domain Names, that resemble or include the Mark be transferred by the applicable registrar or registry to Plaintiff.

## V. NOTICE

By mailing copies of this Report and Recommendation, the Court notifies the parties as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

/s/
Ivan D. Davis
United States Magistrate Judge

January 10, 2020
Alexandria, Virginia